762 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOE D. WEDDINGTON, PLAINTIFF-APPELLANT,
v.
UNITED STATES OF AMERICA, DEFENDANT-APPELLEE, THIRD-PARTY PLAINTIFF,
CLIFFORD G. BEVINS, THIRD-PARTY DEFENDANT.
 NO. 84-5199
 United States Court of Appeals, Sixth Circuit.
 3/12/85
 
 On Appeal from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL and JONES, Circuit Judges; and SPIEGEL, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant Joe D. Weddington appeals the judgment in favor of the United States entered by the United States District Court for the Eastern District of Kentucky in his action to recover certain withholding taxes under 26 U.S.C. Sec. 7422. Weddington claims that the trial court erred in refusing to give one requested jury instruction and in failing to grant a new trial because of newly discovered evidence.
 
 
 2
 Weddington was an officer and director as well as a 50 percent owner of three coal corporations. Clifford G. Bevins owned the other 50 percent of the companies' stock and was the only other corporate officer and director. The companies developed financial problems, and beginning in April, 1978, certain employment taxes withheld from the companies' employees were not paid to the IRS. In January, 1979, the companies' assets were sold, and all their operations ceased. At that point the unpaid but due taxes totaled $102,482.68.
 
 
 3
 On June 29, 1981, the IRS assessed a penalty of $102,482.68 against Weddington and Bevins under the provisions of 26 U.S.C. Sec. 6672. Section 6672 authorizes the assessment of a penalty equal in amount to the unpaid tax against persons who are responsible for the payment of the unpaid taxes when their failure to pay is willful.
 
 
 4
 Weddington paid the IRS $384.00, which represents the amount of federal taxes withheld from one employee for one quarter for each of the three companies, and then he filed a claim for a refund. The IRS denied the claim, and Weddington brought this suit in the United States District Court for the Eastern District of Kentucky to recover the $384.00. The United States filed a counterclaim for $102,098.68 and a third-party complaint against Bevins for $102,482.68. After a jury trial, Judge Unthank sua sponte directed a verdict against Bevins who is not a party to this appeal. The jury returned a verdict against Weddington. On December 6, 1983, the court entered judgment against Weddington and Bevins in the amount of $102,482.68 each less any amounts previously paid. The judgment stipulated that the United States may collect only a single sum totaling $102,482.68. On January 11, 1983, the court amended its judgment to include accrued interest, resulting in a total of $139,065.88 owed by Weddington and $124,619.90 owed by Bevins. On December 15, 1983, Weddington moved for a new trial. That motion was denied, and this appeal followed.
 
 
 5
 On appeal, Weddington raises two grounds for reversal. First, Weddington argues that the district court's denial of his motion for a new trial was in error. While the jury was deliberating, the government told Weddington and the court that they had just discovered that Bevins had paid $20,000.00 of the unpaid taxes after the suit commenced. The government had represented in its answer and to the jury throughout trial that none of the taxes sought had been paid. Weddington contends that a new trial should have been granted because of this error. Second, Weddington asserts that the court erred in not giving a requested jury instruction with regard to intent. Weddington wanted and was refused a jury instruction stating that he could not be held liable if when he first learned of the unpaid taxes, he was unable to pay them because of circumstances beyond his control.
 
 
 6
 Upon a consideration of the record as a whole, although the court was concerned with the government's failure to discover and, hence, timely reveal Bevins' $20,000 payment, it is satisfied that such omission was not intentional. While that fact should have been discovered and disclosed, there was no showing that Weddington himself could not have ascertained the payment in the course of his trial preparation. Weddington does not claim that he will be denied any credit for such payment. It is also clear that any use of that payment to avert his own liability as a responsible officer is at best doubtful. It is well established that more than one officer may be responsible for the unpaid taxes, Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir. 1976), and the proofs showed that Bevins' payment came well after the time during which Weddington was in a position of responsibility for collecting, holding safe, and paying over the withholding taxes. We also find that the district court did not err in failing to give appellant's requested charge and that the instruction actually given was fully adequate.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable S. Arthur Spiegel, Judge of the United States District Court for the Southern District of Ohio, sitting by designation